IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JESUS CERVANTES-AGUILAR,

    Defendant.

Case No. 18-20030-02-JAR

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Jesus Cervantes-Aguilar's pro se Motion for Modification and/or Sentence Reduction Pursuant to 18 U.S.C. 3582(c)(2) (Doc. 209). The motion is fully briefed, and the Court is prepared to rule. For the reasons discussed below, the Court dismisses Defendant's motion.

**I.    Facts**

On July 9, 2019, a jury found Defendant guilty on all four counts of the Superseding Indictment; namely, conspiracy to manufacture, manufacturing and attempting to manufacture, and possessing with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846; and maintaining a drug involved premises in violation of 21 U.S.C. § 856; all within 1,000 feet of a playground in violation of 21 U.S.C. § 860(a).[1]

On November 27, 2019, Judge Carlos Murguia, the presiding district court judge at the time,[2] issued an order granting in part Defendant's motion for judgment of acquittal as to each

---

[1] Doc. 125.

[2] On February 20, 2020, Defendant's case was reassigned to the undersigned. Doc. 141.

count of the Superseding Indictment.³ In the order, Judge Murguia vacated the jury verdict, concluding that there was insufficient evidence that any of the charged offenses occurred within 1,000 feet of a playground, but entered a conviction against Defendant on the lesser included offenses without the proximity element.⁴

The Presentence Investigation Report calculated a criminal history score of zero which established a criminal history category of I.⁵ Defendant's guidelines range was calculated at 360 months to life.⁶ On September 3, 2020, the Court sentenced Defendant to 240 months' imprisonment, after applying a variance under 18 U.S.C. § 3553(a).⁷

Defendant appealed his conviction, and on November 9, 2022, the Tenth Circuit issued its mandate affirming the district court's judgment, but remanded the case for correction of a clerical error in the Judgment.⁸

On November 8, 2024, Defendant filed the instant motion seeking a reduction in his sentence based on the fact that he is a "Zero-Point Offender."⁹

## II.   Standard

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."¹⁰ Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment

---

³ Doc. 135.

⁴ *Id.*

⁵ *See* PSR, Doc. 138 ¶ 42.

⁶ *Id.* ¶ 62.

⁷ Docs. 156, 157; *see also* Amended Judgment, Doc. 199.

⁸ Doc. 198.

⁹ Doc. 209.

¹⁰ *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

based on a sentencing range that has subsequently been lowered by the Sentencing Commission."[11]

Additionally, the Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023.[12] Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[13] With respect to the guideline for Zero-Point Offenders, a defendant is eligible for a two-level reduction in his offense level if he or she meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . ."[14]

---

[11] *See* 18 U.S.C. § 3582(c)(2).

[12] U.S. Sent'g Guidelines Manual (U.S. Sent'g Comm'n 2023).

[13] U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023).

[14] *See* U.S.S.G. § 4C1.1(a).

**III.   Discussion**

Defendant's motion, construed liberally, seeks a reduction in sentence based on Amendment 821 to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2). As noted, Defendant maintains that he was assigned no criminal history points and that, accordingly, he is a Zero-Point Offender entitled to a decrease of two offense levels.  However, the government correctly argues that Defendant is not entitled to relief under Amendment 821 because the Guidelines plainly state that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range."[15]  Here, if the Court were to apply the two-level reduction for Zero-Point Offenders, Defendants offense level would decrease from 42 to 40, resulting in an amended guidelines range of 292 to 365 months.  Defendant's 240-month sentence is below the minimum of that range.

Thus, the Court cannot provide Defendant's requested relief because he was sentenced to a term of imprisonment less than the amended guidelines range.[16]  Defendant's request for a sentence reduction is not authorized; the Court lacks jurisdiction to reduce the sentence.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Modification and/or Sentence Reduction Pursuant to 18 U.S.C. 3582(c)(2) (Doc. 209) is **dismissed**.

**IT IS SO ORDERED.**

Dated: November 26, 2024

---

[15] U.S.S.G. § 1B1.10(b)(2)(A).

[16] *See, e.g.*, *United States v. Stoneking*, No. 08-20059-JWL, 2024 WL 81207, at *2 (D. Kan. Jan. 8, 2024) (declining to reduce defendant's sentence below the amended guidelines range); *United States v. Polanco-Gonzalez*, No. 17 CR. 688 (VM), 2024 WL 2305153, at *1 (S.D.N.Y. May 21, 2024) (same); *United States v. Amarante-Perez*, No. 3:20-CR-00135 (VDO), 2024 WL 4382756, at *3 (D. Conn. Oct. 3, 2024) (same).

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE